**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>OSWALDO JARIEL BONILLA,<br>Defendant. | Criminal Action No. TDC-16-0058 |

## MEMORANDUM ORDER

Defendant Oswaldo Jariel Bonilla, a federal prisoner at the Federal Correctional Institution McKean in Lewis Run, Pennsylvania, has filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 76. In his Motion, Bonilla seeks a reduced sentence and immediate release based on the impact of a change in the law relating to charges under 18 U.S.C. § 924(c).

On January 25, 2017, Bonilla was sentenced to a total of 144 months of imprisonment based on convictions after a guilty plea for Count 1: conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a); Count 2: attempted interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a); and Count 4: possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Bonilla is currently scheduled to be released on January 11, 2027.

Upon receiving Bonilla's Motion, the Court requested that the Office of the Federal Defender for the District of Maryland ("OFD") review the Motion and inform the Court if it would request to be appointed as counsel for Bonilla and to file a supplement to the Motion. The OFD has notified the Court that it will not seek to make such requests.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons to seek a reduction of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> * * *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Bonilla has provided no evidence that he exhausted administrative remedies.

## I. Extraordinary and Compelling Reasons

Even assuming that Bonilla had exhausted administrative remedies, he must establish that there are extraordinary and compelling reasons that warrant a sentence reduction. In the Motion, Bonilla relies on changes in case law following his conviction and sentencing under which the crimes of conviction for Counts 1 and 2, conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a), and attempted interference with interstate commerce by robbery, also in violation of 18 U.S.C. § 1951(a), may not serve as predicate offenses for a charge of using, carrying, and brandishing, and discharging a firearm during and relation to a crime of violence, in violation of 18 U.S.C. § 924(c) ("the § 924(c) charge"), which was originally charged in Count 3. Although Bonilla did not plead guilty to the § 924(c) charge, he entered a plea agreement in which he agreed to a sentencing range of 137 to 177 months, above the guideline range of 110 to 137 months under the United States Sentencing Guidelines that would have applied based on Counts 1, 2, and 4 only, in part because the Government agreed to dismiss the § 924(c) charge, which carried a mandatory minimum consecutive sentence of 10 years. Bonilla argues that because the subsequent changes in the law would have invalidated the § 924(c) charge, a reduced sentence is warranted. The Court discussed the background of the plea agreement, Bonilla's guilty plea and sentencing, and the law relating to the predicate offenses for a § 924(c) charge in its memorandum opinion denying Bonilla's Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C.§ 2255 ("the § 2255 Motion"), which is incorporated by reference. § 2255 Mot. Mem. Op at 13–16, ECF No. 70.

Generally, a change in law does not constitute an extraordinary and compelling reason warranting a sentence reduction, except if the defendant received "an unusually long sentence," the defendant served at least 10 years of the sentence, and the change in law "would produce a

gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6), (c). Here, there was no change in law that affected the three counts of conviction. Even accepting Bonilla's argument that he would not have entered into the plea agreement under present law because the dismissed § 924(c) charge would have been invalid, the sentence imposed in this case of 144 months was only seven months higher than the Guideline range based only on Counts 1, 2, and 4. Thus, the impact of the change in law did not create the required gross disparity. Although extraordinary and compelling circumstances are not necessarily limited to the specifically enumerated circumstances set forth U.S.S.G. § 1B1.13, *see* U.S.S.G. § 1B1.13(b)(5) (stating that extraordinary and compelling reasons can be based on other circumstances "similar in gravity" to the enumerated circumstances), the alleged impact of the change in law does not rise to this level.

Beyond the change in the law, Bonilla references his rehabilitative efforts which, while admirable, are not so remarkable as to constitute extraordinary and compelling reasons. *See* U.S.S.G. § 1B1.13(d) (providing that rehabilitation is not by itself an extraordinary and compelling reason but may be considered in combination with other circumstances). Accordingly, the Court finds that Bonilla has not presented extraordinary and compelling reasons.

## II. 18 U.S.C. § 3553(a)

Even if the Court were to find extraordinary and compelling reasons, before granting a sentence reduction, the Court must also consider the sentencing factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Here, although Bonilla has served a substantial portion of his sentence, the nature and circumstances of the offense were extremely serious in that Bonilla forced his way into a business, pointed a gun at an employee's head, marched the employee into areas to locate money, when fleeing turned and fired a shot at the employee who was seeking to follow him, and

fired another shot at the police car that was following him. He already had a significant criminal history at the time of the offense, including two prior robbery convictions. Under these circumstances, and even upon consideration of Bonilla's post-offense rehabilitation, the Court does not find that a reduction below the originally imposed sentence is consistent with the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to provide adequate deterrence. So even if the requirement of extraordinary and compelling reasons were deemed to have been met, the Court would not, in its discretion, grant the requested sentence reduction. The Motion will therefore be denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Bonilla's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 76, is DENIED.

Date: August 25, 2026

THEODORE D. CHUANG
United States District Judge